[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have each moved to suppress evidence seized from defendants' property pursuant to a search and seizure warrant on November 19, 1991. The application for the warrant recited that on the previous morning Mr. Rostad reported that two men, one armed with a knife, tried to break into his house. He reported that he discharged his shotgun and the two men ran off into the woods. The police later arrested two men from Massachusetts, one of whom had pellet wounds from a shotgun blast. He was advised of his constitutional rights and taken to the hospital. According to the officers' affidavit, he told one of the officers CT Page 3942 that he and his companions had gone to defendants to take 20 pounds of high grade marijuana that Rostad had, that he knew that Rostad grew marijuana in his barn and that Rostad then had twenty or more pounds packaged there. The affiants ran a criminal record check on Mr. Rostad which showed three convictions between 1975 and 1988 for possession and possession with intent to sell marijuana. The affidavit further states that the real estate is in the name of Lori Rostad, and, according to land records, was purchased in December, 1990 for $250,000 and has a mortgage of $200,000. According to probation office records in May, 1991, Mr. Rostad said he was unemployed and that his wife did not work.
The issue here is whether the warrant affidavit presented facts from which the magistrate could conclude that there was a fair probability of finding contraband or evidence of a crime on the premises to be searched. State v. Barton, 219 Conn. 529, 552 (1991). In reviewing the affidavit, the magistrate can consider all of the circumstances set forth in the affidavit and draw reasonable inferences from the facts presented. Id., 544. In terms of the veracity of Morin's information, the magistrate was entitled to infer credibility from his statement against his penal interest. See Barton, supra at 551 and cases cited therein. Additionally, the specificity as to the amount of marijuana and its location could support an inference that Morin had a reliable basis for his knowledge. State v. Salz, 8 Conn. App., 125, 131 (1986). Those inferences are further buttressed by the information regarding Mr. Rostad's criminal record, the land records and probation records.
While this court might well have required further information corroborating Mr. Morin's claims, given the preference for searches conducted pursuant to warrant, the court must uphold the warrant if the magistrate had a reasonable basis for concluding that probable cause existed. State v. Barton, 219 Conn. at 552. The magistrate here did have such a basis. Defendants' motions to dismiss are denied.
SUSCO, JUDGE